The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion on behalf of the South Bend Volunteer Fire Department ("Department"). You state that the Department has asked you to find out what it would take to organize a fire improvement district. You note that this is a very active volunteer fire department that wishes to form a district to improve its fire service.
The formation of fire protection districts is governed by Chapter 284 of Title 14 of the Arkansas Code (1987, Cum. Supp. 1991 and Adv. Code Serv. 1992-93). A district may be formed under A.C.A. §14-284-103 (1987) upon petition of a majority in value of the owners of real property in any designated area not exceeding three (3) miles from the designated location of the fire station. The area defined in the petition must contain at least one hundred (100) residences, exclusive of garages and other buildings. The lot or plot of ground on which the fire station is to be located must not exceed a square acre in area. The county court has a duty to "lay off into an improvement district the territory described in the petition," following its determination, at a hearing duly called, that a majority in value has petitioned for the improvement. A.C.A. §§ 14-284-103 and -104 (1987). The court enters its judgment laying off the district and appoints five (5) commissioners who are resident property holders in the district. Id. See also A.C.A. §§ 14-284-105—107 (regarding commissioners) and §§ 14-284-108—113 (1987 and Cum. Supp. 1991) (regarding annual benefits assessment).
Subchapter 2 of Chapter 284 (A.C.A. §§ 14-284-201—223 (1987, Cum. Supp. 1991, and Adv. Code Serv. 1992-92) is addressed, specifically, to the formation of fire protection districts outside the corporate limits of cities and towns. Subsection (b) of § 14-284-201 states that "[i]n order to avoid duplication of fire protection services, fire protection districts established under this subchapter shall be established for the primary purpose of providing fire protection in rural areas for buildings, structures, and other man-made improvements." A district may be formed under this subchapter to serve all or any defined portion of any county, by ordinance of the quorum court following notice and a public hearing (see A.C.A. § 14-284-204), or by election of the qualified electors of the proposed district (see A.C.A. § 14-284-205).[1] If a district is established, a board of commissioners is selected in accordance with A.C.A. §14-284-208 (Cum. Supp. 1991). See also A.C.A. §§14-284-212—216 (1987 and Cum. Supp. 1991) regarding annual benefits assessment.
Please note that I have enclosed a copy of Attorney General Opinion 88-023 which addresses several specific questions in relation to fire protection districts, and which will hopefully offer additional guidance in considering this matter. The specific statutes must, of course, be carefully referenced. I therefore suggest, as was noted in Opinion 88-023, that private counsel or counsel to whom the Department ordinarily looks for advice be consulted in order to assess the applicability of these Code provisions based upon the particular facts and circumstances.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
[1] The quorum court order establishing the disrict is void if a majority of the qualified electors in the proposed district either appear in person at the hearing to oppose the establishment of the district or sign petitions in opposition that are filed at or before the hearing. With regard to an election to create a district, petitions must be filed by at least 10% of the qualified electors of all or any defined part of the county. A special election is called by the county court, to be held within ninety (90) days after the petitions are filed.